**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                                    )
MICHAEL B. ELGIN, AARON LAWSON, HENRY  )
TUCKER and CHRISTON COLBY on behalf of           )
themselves and similarly situated men throughout the  )
United States                                                              )
                                                                    )
                                Plaintiffs,                                     )
                                                                    )
                          v.                                                 )   Civil Action No. 07-12391-DPW
                                                                    )
UNITED STATES OF AMERICA; UNITED           )
STATES DEPARTMENT OF THE TREASURY; and )
UNITED STATES DEPARTMENT OF THE INTERIOR )
                                                                    )
                               Defendants.[1]                           )
_____)

## DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants move for reconsideration, under Fed. R. Civ. P. 59(e), of the Court's January 26, 2009 Memorandum and Order finding that 5 U.S.C. § 3328 is an unconstitutional bill of attainder. Defendants believe reconsideration is warranted because:

1.       This Court does not have subject matter jurisdiction over Plaintiffs' claims.[2]

---

[1] Plaintiffs' First Amended Class Action Complaint also named as defendants George W. Bush, Henry M. Paulson, Jr., and Dirk Kempthorne, individually and in their official capacities as, at that time, President of the United States, Secretary of the Treasury, and Secretary of the Interior, respectively. Dkt. No. 7. On June 16, 2008, Plaintiffs moved to dismiss all claims against the individual Defendants. Dkt. No. 40. During the February 6, 2009 status conference in this matter, the Court orally noted that it granted Plaintiffs' motion to dismiss the individual Defendants, but the docket does not yet reflect this order.

[2] Defendants failed to raise this argument in their motion to dismiss. Dkt. No. 39. After reviewing this jurisdictional argument and in consultation with other federal departments and agencies, Defendants' counsel advised the Court about this omission during the February 6 status conference in this matter and indicated that Defendants wished to raise this jurisdictional argument in a motion for reconsideration. This omission, however, does not affect the argument raised here because challenges to a court's subject matter jurisdiction may be raised at any time. Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter

       Under the Civil Service Reform Act of 1978 ("CSRA"), the Federal Circuit Court of Appeals has exclusive jurisdiction over Plaintiffs' constitutional challenges to 5 U.S.C. § 3328, the statute barring their federal employment for failure to register with the Selective Service System, and Plaintiffs failed to exhaust their remedies under the CSRA, a jurisdictional prerequisite to any suit;

2.     The statute at issue here is not a bill of attainder because (a) it is prospective in nature and, at the time Congress passed 5 U.S.C. § 3328, the statute did not punish *anyone* for past conduct; and (b) under the CSRA's comprehensive remedial scheme, there is a provision for judicial review of Plaintiffs' claims.

As grounds for this motion, Defendants rely on the accompanying memorandum of law.

WHEREFORE, Defendants respectfully request that the Court reconsider its January 26, 2009 Memorandum and Order finding that 5 U.S.C. § 3328 is an unconstitutional bill of attainder and dismiss Plaintiffs' claims in their entirety.[3]

                                     Respectfully submitted,

                                       MICHAEL J. SULLIVAN
                                     United States Attorney

                           By:   /s/ Jennifer A. Serafyn
                                Jennifer A. Serafyn
                                Assistant United States Attorney
                                United States Attorney's Office
                                One Courthouse Way, Suite 9200
                                Boston, MA  02210
                                Tel:  (617) 748-3188
Dated: April 3, 2009                Fax:  (617) 748-3969

---

jurisdiction, the court must dismiss the action") (emphasis added); American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 138-39 (1st Cir. 2004) (noting that challenges to federal subject matter jurisdiction may be raised for the first time on appeal). Defendants regret their error in not raising this jurisdictional argument in their motion to dismiss; they raise it now because they believe this Court does not have subject matter jurisdiction and, therefore, for the reasons discussed in the accompanying memorandum of law, should dismiss this action.

   [3] In the alternative, because this Court lacks subject matter jurisdiction, Defendants request that the Court transfer this case to the United States Court of Appeals for the Federal Circuit, pursuant to 5 U.S.C. § 7703(b)(1).

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The parties cannot narrow the issues presented in this motion and agreed on a briefing schedule for Defendants' motion, Plaintiffs' response, and Defendants' reply in advance of the February 6, 2009 status conference in this matter. The Court allowed the parties' proposed briefing schedule.

 /s/ Jennifer A. Serafyn
Jennifer A. Serafyn
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on April 3, 2009.

 /s/ Jennifer A. Serafyn
Jennifer A. Serafyn
Assistant U.S. Attorney